**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
BATESVILLE DIVISION**

NATHANIEL FITZGERALD
ADC #84210                                                                                               PLAINTIFF

V.                              CASE NO. 1:10CV00108 BSM/JTR

RAY HOBBS, Director,
Arkansas Department of Correctional, et al.                                          DEFENDANTS

**ORDER**

Plaintiff, Nathaniel Fitzgerald, who is a prisoner in the East Arkansas Regional Unit ("EARU") of the Arkansas Department of Correction, has filed a *pro se* 42 U.S.C. § 1983 complaint and an application to proceed *in forma pauperis*. [Doc. Nos. 1 and 2]. For the reasons set forth below, the application to proceed *in forma pauperis* is denied and the case dismissed, without prejudice, pursuant to the three strikes provision in 28 U.S.C. § 1915(g).

I.  DISCUSSION

A.      Three Strikes Rule

The Prison Litigation Reform Act contains a three strikes provision, which specifies that a prisoner cannot proceed *in forma pauperis* "if the prisoner has on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Higgins v.*

*Carpenter*, 258 F.3d 797, 800 (8th Cir. 2002) (holding that § 1915(g) is constitutional).

Plaintiff has previously filed at least three cases that have been dismissed for failing to state a claim upon which relief may be granted. *See Fitzgerald v. Fairley*, 3:09CV000189 WRW (dismissed on 12-9-09, no appeal filed); *Fitzgerald v. Griffin*; 1:10CV00060 JLH (dismissed 9-27-10, no appeal filed); *Fitzgerald v. Busby*, 3:10CV00237 JMM (dismissed on 11-20-10, no appeal filed). Thus, Plaintiff accumulated three strikes, as defined by § 1915(g), prior to commencing this action on December 27, 2010.

B.   <u>Imminent Danger Exception to the Three Strikes Rule</u>

Even though Plaintiff is a three striker, he may be allowed to proceed *in forma pauperis* if he falls under the "imminent danger" exception to the three strikes rule. *See* 28 U.S.C. § 1915(g) (providing that three strikers should, nevertheless, be granted permission to proceed *in forma pauperis* if they are "under imminent danger of serious physical injury"). In *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998), the Eighth Circuit explained that the exception applies only if the prisoner alleges that he is in imminent danger "*at the time of filing*" and that "[a]llegations that the prisoner has faced imminent danger in the past are insufficient." (Emphasis in the original.) Furthermore, the Eighth Circuit has been reluctant to apply the imminent danger exception unless the alleged ongoing danger subjects the prisoner to a risk of a truly serious physical injury. *Compare Ashley*, 147 F.3d at 717 (applying the imminent danger exception when a prisoner alleged that prison officials continued to place him near his enemies despite two prior stabbings), *with Martin v. Shelton*,

319 F.3d 1048, 1050 (8th Cir. 2003) (refusing to apply the imminent danger exception when a plaintiff alleged that prison officials made him work outside in extreme weather conditions that did not result in any serious physical injuries).

Plaintiff alleges that, while he was a prisoner in the Grimes Unit, Defendants failed to provide him with adequate medical care for sleep apnea, unspecified foot problems, and possible cancer of the throat, stomach and lungs. [Doc. No. 2]. All of these inadequate medical care claims, however, have previously been asserted by Plaintiff and are currently pending in *Fitzgerald v. Hobbs*; 1:10CV00039 DPM.

Plaintiff also alleges that Defendant Hobbs retaliated against him by transferring him from the Grimes Unit to the EARU. [Doc. No. 2]. Clearly, that allegation does not satisfy the imminent danger exception to the three strikes rule.

## II. CONCLUSION

IT IS THEREFORE ORDERED THAT:

1. Plaintiff's application to proceed *in forma pauperis* [Doc. No. 1] is DENIED.

2. This case is DISMISSED, WITHOUT PREJUDICE, pursuant to the three strikes rule set forth in 28 U.S.C. § 1915(g).

3. If Plaintiff wishes to continue this case, he must, **within thirty (30) days of the entry of this order**: (a) pay the $350 filing fee in full, noting the above case style and number; and (b) file a motion to reopen the case. Upon receipt of the motion and full payment, this case will be reopened.

4. It is certified, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis*

appeal from this order and the accompanying judgment would not be taken in good faith.

Dated this 11th day of January, 2011.

_____
UNITED STATES DISTRICT JUDGE